BARNS, PAUL D., Associate Judge.
This is an appeal by the appellant from an order denying his motion for post-conviction relief from final judgment imposing a life sentence after conviction for murder in the first degree. We affirm.
The appellant was represented at trial by counsel appointed by the court, to-wit: Thomas E. Sholts. On October 14, 1965, his attorney filed a motion that the defendant “will rely upon insanity as one of his defenses” at trial. F.S.1967, Section 917.02, F.S.A., provides that when in the prosecution of a criminal case “insanity on the part of the defendant at the time of the alleged commission of the offense charged becomes an issue in the cause the court may appoint one or more disinterested qualified experts, not exceeding three, to examine the defendant”, and that “[t]he appointment of experts by the court shall not preclude the state or defendant from calling expert witnesses to testify at the trial * * *.” F.S.1967, Section 909.17, F.S.A., also provides that when in any criminal case it is the intention of a defendant “to rely upon the defense of insanity, no evidence offered by the defendant” for that purpose “shall be admitted” unless advance notice shall have been given by the defendant and that the court may require the defendant to file “a bill of particulars showing as nearly as he can the nature of insanity he expects to prove and the names of the witnesses by whom he expects to prove such insanity” and that the court “may cause the defendant to be examined * * * by one or more disinterested qualified experts, not exceeding three, appointed by the court * * as to the sanity, or insanity, of the defendant at the time of the commission of the alleged offense and subsequent thereto.”
F.S.1967, Sections 909.17 and 917.-02, F.S.A., were for the benefit of the state in order to obtain pre-trial discovery by the prosecution and were not primarily for the benefit of the defendant, and the defendant-petitioner makes no claim that he was in anywise prejudiced by any act of the trial court or the prosecution in respect to these statutes.
As stated in the brief of appellant’s counsel, as shown by appellant’s pro se motion, his ground for relief is:
“Your Movant now submits as his sole new issue of collateral attach [sic] as to the legallaty [sic] of sentence imposed, the issue of suggestion of insanity
“ — And the lack of complete and enthusiastic defense by the appointed counsel with insanity as defense. When the issue was brought forth by defense counsel, it was in no way pursued (dehors the record) the fact that your Movant has been on.two accasions [sic] an in *48 mate of Louisiana Mental Institution, and the hospital personnel, Doctor, Records, e. c. t. [sic] were not brought forth by the defense counsel,' or witnesses sub-peoned [sic] for the defense, being a gross lack of due process and inadequate counsel.” (R 16, 17).
. The petitioner had the benefit of assistance of counsel at trial, did not receive the death penalty, and he now complains of the manner in which his court-appointed counsel handled his defense at trial. The stated ground shows no infringement of a constitutional right.
Affirmed.
CROSS and McCAIN, JJ., concur.